UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUILA ALIYA BADON, as Personal
Representative of the Estate of Clinton Badon,

      Plaintiff,                            Civil Action No. 22-CV-10907

vs.                                   HON. BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,

      Defendant,

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

        This matter is presently before the Court on defendant's motion to dismiss. (ECF No. 5). Plaintiff has not responded and the time for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion.

## I.    Background

        This Federal Tort Claims Act ("FTCA") case stems from the death of Clinton Badon ("decedent"). Plaintiff alleges that on January 30, 2017, the decedent presented to the Hurley Medical Center Emergency Department ("Hurley ED") with "complaints of severe coughing and shortness of breath when walking." (ECF No. 1, PageID.3, ¶ 13). He was diagnosed with "community acquired pneumonia" and was discharged with relevant medications. (*Id*., PageID.3, ¶¶ 15-16). The following day, the decedent presented to the Hamilton Community Health Network – Main Clinic ("Hamilton Clinic") with "shortness of breath, chest pain and pressure." (*Id*., PageID.4, ¶ 17). This clinic is a federally supported health center, as defined by the Federally Supported Health Centers Assistance Act, making the FTCA "the exclusive remedy for injuries, including death, caused by [its] employees." (*Id*., PageID.2, ¶¶ 4-5; ECF No. 5-1, PageID.67-69). *See also* 42 U.S.C. § 233(g). At the Hamilton Clinic, the decedent allegedly received no treatment

and was discharged with "albuterol sulfate and Levoflaxin." (ECF No. 1, PageID.4, ¶ 19). Less than one week later, on February 6, 2017, the decedent returned to the Hurley ED, complaining of difficulty breathing. (*Id.*, PageID.4, ¶¶ 20-21). At 6:55 p.m. that same day, after waiting in the emergency department for approximately three hours, the decedent collapsed and was pronounced dead shortly thereafter. (*Id.*, PageID.4, ¶¶ 22-24). An autopsy revealed the cause of death to be a "pulmonary embolism blocking the pulmonary artery and its branches." (*Id.*, PageID.4, ¶ 25).

The complaint includes one claim for medical negligence pursuant to the FTCA. (*Id.*, PageID.4-5). Plaintiff alleges that Physician's Assistant Clarisse Hook, who attended to the decedent at the Hamilton Clinic, failed to render appropriate treatment, which directly and proximately caused the decedent's death. (*Id.*, PageID.2, 5, ¶¶ 3, 27-29). Plaintiff further alleges that she submitted an Administrative Tort Claim to the United States Department of Health and Human Services ("HHS") on January 28, 2019, but states that the agency "did not make a final disposition of the claim within six months after it was filed." (*Id.*, PageID.3, ¶ 8). As relief, plaintiff seeks compensatory damages, costs, and attorney fees.

## II.   Motion to Dismiss

In the instant motion, defendant argues that plaintiff's complaint is time-barred and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that HHS did send notice to plaintiff denying her Administrative Tort Claim.[1] That claim denial letter was sent via certified mail on July 6, 2020. (ECF No. 5, PageID.24) (citing ECF No. 5-1, PageID.64-65).

---

[1] The letter from HHS states: "The administrative tort claim of Brian J. McKeen, for the Estate of Clinton Badon, III, is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment." (ECF No. 5-1, PageID.64).

Defendant further contends that "[s]omeone at Plaintiff's counsel's office signed the certified mail receipt for the denial letter on July 10, 2020." (ECF No. 5, PageID.24-25) (citing ECF No. 5-1, PageID.66). Defendant argues that pursuant to 28 U.S.C. § 2401(b), plaintiff was required to file her FTCA claim in federal court within six months of the date on which the HHS claim denial was mailed – i.e., on or before January 6, 2021. (*Id.*, PageID.28). Because the instant complaint was not filed until April 28, 2022, defendant contends that it fails to state a claim upon which relief may be granted and therefore must be dismissed.

## III. Legal Standards and Analysis

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The allegations may be "either direct or inferential," but must address "all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519. The Sixth Circuit has further explained that

> [w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.

*Basset*, 528 F.3d at 430.

3

Rule 12(b)(6) "is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations." *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 616 (6th Cir. 2013). "The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a)." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, "sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

The FTCA's statute of limitations is provided in 28 U.S.C. § 2401(b), which states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"A claimant may no longer sue the United States six months after the time that an agency mails a denial letter." *Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014) (citing 28 U.S.C. § 2401(b)). The Sixth Circuit has added:

> The FTCA unambiguously states that the six-month limitation window runs "from the date of mailing." 28 U.S.C. § 2401(b). As our sister circuits have noted, the FTCA does not require that the claimant receive the denial letter in order to commence the six-month limitation period. *See Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir.1988) (declining to read a receipt requirement into the FTCA); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir.1975) (same). The FTCA requires only that the agency mail the denial by certified mail.

*Id*. Additionally, HHS need not send the denial letter to plaintiff in order to trigger the six-month limitation period. The letter need only be sent to "either [plaintiff] *or* her attorney, not [plaintiff]

*and* her attorney." *Id*. at 718 (emphasis in original).

Considering the allegations contained in the complaint and defendant's arguments in favor of dismissal, as well as the exhibits attached to defendant's brief – which are referenced in the complaint and central to the claims contained therein[2] – the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.  HHS's July 6, 2020, claim denial letter, which was sent via certified mail, commenced the six-month statute of limitations period as to plaintiff's FTCA claim.  The letter specifically outlined the process for challenging the agency's determination of plaintiff's claim, stating that she could "file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination." (ECF No. 5-1, PageID.65) (citing § 2401(b)).  Instead, plaintiff waited until April 28, 2022, to file the instant complaint – almost twenty-two months after the date on which the HHS claim denial letter was mailed.

Although plaintiff may not have seen the claim denial letter herself – based on her allegation that HHS "did not make a final disposition" as to her claim (ECF No. 1, PageID.3, ¶ 8) – that is immaterial to the instant motion.  As explained above, the letter need only be sent to plaintiff or her attorney and the statute of limitations period commences on the send date, not the date of receipt.  Further, here, there is documentation that plaintiff's counsel received the denial letter on July 10, 2020.  (ECF No. 5-1, PageID.66).[3]  Under the circumstances plaintiff's claim

---

[2] The relevant exhibits include (1) plaintiff's January 28, 2019, administrative claim (ECF No. 5-1, PageID.33-63); (2) the July 6, 2020, HHS claim denial letter (*Id*., PageID.64-65); and (3) the signed certified mail receipt (*Id*., PageID.66).  Plaintiff directly or implicitly mentions all three documents in her complaint and each is central to the viability of her FTCA claim.  (ECF No. 1, PageID.3, ¶ 8).  The Court may therefore consider these exhibits in ruling on defendant's motion to dismiss.

[3] Particularly because plaintiff's counsel did receive the HHS denial letter, there is no basis for equitable tolling in this case.  As the Sixth Circuit has explained:

under the FTCA is definitively time-barred.

Moreover, when a party fails to respond to a "motion to dismiss [a] claim, . . . the Court assumes [s]he concedes th[at] point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 789 n.2 (6th Cir. 2010). *See also Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (stating that the district court "correctly noted . . . that [plaintiff] abandoned [certain] claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint"). Based on the facts alleged, defendant's arguments in favor of dismissal, and plaintiff's failure to respond to the instant motion, the Court shall grant defendant's requested relief. Accordingly,

IT IS ORDERED that defendant's motion to dismiss (ECF No. 5) is granted.

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated: September 20, 2022
Detroit, Michigan

---

Equitable tolling allows a federal court to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. While equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect.

*Jackson*, 751 F.3d at 718 (internal quotation marks and citations omitted). Further, "a lawyer's mistake normally does not warrant equitable tolling." *Zappone v. Untied States*, 870 F.3d 551, 557 (6th Cir. 2017). In the present case, the Court finds there to be no "exceptional circumstances that have prevented timely filing of the action" and, therefore, no basis for allowing the action to proceed. *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002).